UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MARSHALL PRUTZMAN, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3565 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for judgment on the pleadings (the "motion"). Dkt. 12. Upon consideration of the pleadings, briefing, and applicable law, Wells Fargo's motion (Dkt. 12) is **GRANTED**. Further, plaintiff John Marshall Prutzman Jr.'s ("Prutzman") request for leave to amend his complaint is **DENIED**.

**I. BACKGROUND**

Prutzman is the owner of the home in dispute located in Waller County, Texas. Dkt. 1, Ex. B.2 (Prutzman's original petition) at 1.[1] In January 2002, the Prutzmans obtained a home equity loan from Ameriquest Mortgage Company. Dkt. 1, Ex. A to Ex. B.2 (Prutzman's demand letter to Wells Fargo) at 1. The security instrument for this loan was recorded in the Waller County deed records. *Id.* After executing the loan, the Prutzmans financed a second home equity loan with Wells Fargo on January 24, 2004. *Id.* at 2.

On March 22, 2011, seven years after Prutzman closed the second loan, Prutzman sent Wells Fargo a letter in which he claimed that the issuance of the second home equity loan violated several

---

[1] Prutzman originally owned the home with his late wife, Patricia Prutzman. According to the petition, the Waller County Probate Court is currently considering the disposition of Mrs. Prutzman's estate, and Prutzman claims that her property interest in the home will soon pass to him under the terms of her will. Dkt. 1, Ex. B.2 at 2.

provisions of the Texas Constitution. Dkt. 1, Ex. B.2 at 3; *id.*, Ex. A; *see* TEX. CONST. art. XVI, § 50(a)(6). Although Prutzman requested that Wells Fargo cure the alleged violations, he alleges that, to date, Wells Fargo has not done so. Dkt. 1, Ex. B.2 at 3–4. On November 2, 2012, Prutzman sued Wells Fargo in state court, and Wells Fargo removed the case on December 7, 2012. Dkt. 1.

Prutzman's original petition asserts multiple violations of Article XVI, § 50(a)(6) of the Texas Constitution including (1) closing on a home equity loan before the minimum twelve (12) days' waiting time, as required by § 50(a)(6)(M)(I); (2) failing to disclose the constitutional restrictions imposed on lenders, as required by § 50(a)(6)(M)(I) & § 50(g); (3) charging more than three percent of the total loan amount for fees associated with the funding and closing of the loan, as prohibited by § 50(a)(6)(E); (4) enforcing a second home equity loan on a homestead with an existing home equity loan, as prohibited by § 50(a)(6)(K); and (5) failing to cure constitutional violations within sixty days after notice has been given under § 50(a)(6)(Q)(x). Dkt. 1, Ex. B.2 at 2–3. On December 14, 2012, Wells Fargo answered Prutzman's petition, asserting an affirmative defense that Prutzman's claims "are barred in whole or in part by the applicable statute of limitations." Dkt. 3 (Wells Fargo's answer) at 4. Then, on March 18, 2013, Wells Fargo moved for judgment on the pleadings on the basis of its limitations defense. See Dkt. 12.

## II. STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). The standard for evaluating a Rule 12(c)

motion is the same as the standard for evaluating a Rule 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). "A statute of limitations may support dismissal under [Rule 12(c)] where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").

### III. ANALYSIS

In evaluating claims arising under state law, federal courts apply the corresponding state statute of limitations and any relevant exceptions. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 112, 65 S. Ct. 1464 (1945); *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009). Wells Fargo's motion and Prutzman's response confirm that the outcome of this case will be decided on the issues of whether and how a statute of limitations applies to claims under Article XVI, § 50(a)(6) of the Texas Constitution and whether Prutzman has properly pled that the accrual of his claims should be tolled. The court will consider three steps for its limitations analysis under Texas law: (1) what the applicable limitations period is, if any; (2) when the claims accrue; and (3) if there are any properly pled tolling grounds to suspend the running of limitations.

*A. Applicable Limitations Period*

Wells Fargo argues in its motion that Prutzman's claims are time-barred, as the Fifth Circuit recently held that Texas's residual four-year statute of limitations applies to all § 50(a)(6) causes of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013) (holding that the four-year statute of limitations period applies to constitutional violations under § 50(a)(6)).

In *Priester*, the plaintiffs sought to invalidate a home equity loan on grounds that the loan was in violation of two § 50(a)(6) provisions. *Priester*, 708 F.3d at 672–73. The defendants responded that the plaintiffs' claims were barred by the residual four-year statute of limitations. *Id.* at 673. Recognizing that the Texas Supreme Court had not yet addressed this issue, the *Priester* court made an *Erie* guess that the residual four-year statute of limitations applies to claims arising under § 50(a)(6) of the Texas Constitution. *See id.* at 674; *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (explaining that the court must make an "*Erie* guess" if no state court decisions control). The *Priester* court distinguished district court cases stating that the residual statute of limitations does not apply, and reasoned that a lien created in violation of § 50(a)(6) was voidable rather than void *ab initio*. *See id.* at 674 (suggesting that the Texas Supreme Court considers a lien created in violation of § 50(a)(6) to be voidable instead of void) (citing *Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342, 346 (Tex. 2001)). If a lien is void *ab initio*, a statute of limitations need not apply because the lien is always void and constitutes a title cloud, the removal of which is an equitable action without a limitations period. *See Ditta v. Conte*, 298 S.W.3d 187,

192 (Tex. 2009) ("[A]s long as an injury clouding title remains, so too does an equitable action to remove the cloud; therefore, a suit to remove the cloud is not time-barred"). However, if a lien is merely voidable, the defect can be cured and is not a cloud on title. *See Doody*, 49 S.W.3d at 346 (stating that a lien that may be invalidated at the outset may not support a remedy at a later date). Therefore, as the court concluded in *Priester*, a statute of limitations period should be applied to all claims under § 50(a)(6) because it is contrary to the constitutional scheme that a person can indefinitely seek a remedy for a curable title defect. *See Priester*, 708 F.3d at 674 n.4.

Here, Prutzman asserts five § 50(a)(6) claims in his original petition, but he restricts his limitations arguments to the § 50(a)(6)(K) violation regarding the existence of two home equity loans.[2] After reviewing *Priester*'s constitutional analysis, the court finds that *Priester*'s holding applies to § 50(a)(6) in its entirety. *See id.* Furthermore, the cure provision under § 50(a)(6)(Q)(x)(e) applies to § 50(a)(6)(K) and, following the court's logic in *Priester*, the second lien is voidable instead of void *ab initio* because it can be cured. The second lien is not a cloud on Prutzman's title and the cure is thus constrained by the residual four-year limitations period. *Cf. McDonough v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-189, 2013 WL 1966930, at *3 (S.D. Tex. May 13, 2013) (holding under similar circumstances that "[b]ased on *Priester*, the [plaintiffs'] suit is subject to a four-year statute of limitations that began to run on . . . the closing date of the second home equity loan").

---

[2] If the violation falls under § 50(a)(6)(K), in which the debtor has two open home equity loans, the debtor must provide written notice and the violation must be cured by abatement of the debtor's obligations under the second loan while the prior lien remains secured by the homestead. TEX. CONST. art. XVI, § 50(a)(6)(Q)(x)(e). If the lender fails to cure the violation by the sixtieth day after the notification, then the lender forfeits all principal and interest on the loan. *Id.* § 50(a)(6)(Q)(x).

Prutzman relies on a recent district court opinion to argue that *Priester*'s holding does not apply to § 50(a)(6)(K). *See Smith v. JPMorgan Chase Bank, Nat'l Ass'n*, 825 F. Supp. 2d 859, 867 (S.D. Tex. 2011) (holding that the statute of limitations did not bar plaintiffs' claims under § 50(a)(6)(K)). However, *Smith* pre-dates *Priester* and this court is bound by the Fifth Circuit's interpretation of Texas law "unless a subsequent state court decision or statutory amendment renders [the Fifth Circuit's] prior decision clearly wrong." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995)). *Priester* was decided in February 2013, and since that time there have been no new decisions or amendments that are binding on this court. *Priester* remains controlling, and the residual four-year statute of limitations applies to all § 50(a)(6) claims.

## B. The Accrual Date

Now that the court has found that a four-year statute of limitations applies to Prutzman's claims, the court turns to the precise date that the limitations period begins, *i.e.*, where the claims "accrue" under Texas law. Ordinarily, Texas limitations periods begin to run when a wrongful act occurs that causes a legal injury, even if the injury is not immediately discovered, and even if all damages have not yet occurred. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). This is known as the "legal injury rule." *Id.* Prutzman asserts that the legal injury rule does not apply to his claims, citing two exceptions that defer the accrual date, the discovery rule and continuing violations. First, the discovery rule applies in cases where (1) the nature of the injury is inherently undiscoverable and (2) the evidence of injury is objectively verifiable. *Beavers*, 566 F.3d at 439 (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). The discovery rule in Texas is a "very limited exception to the statute of limitations." *Beavers*, 566

F.3d at 439. An injury is inherently undiscoverable if it is unlikely to be discovered within the prescribed limitations period despite due diligence. *Altai*, 918 S.W.2d at 456. This element focuses on the categorical nature of the injury rather than on the circumstances of a particular case. *Beavers*, 566 F.3d at 439.

Although Prutzman briefly contends that the discovery rule should apply to his claims, the *Priester* court clearly held that "the legal injury rule applies to the creation of unconstitutional liens." *Priester*, 708 F.3d at 675. While Prutzman may not have known that he suffered an injury when he entered into the second home equity loan, there is no evidence that his injury was "inherently undiscoverable." Prutzman knew of the existence of both home equity loans, and he could have reviewed Texas law to determine that two outstanding home equity loans on a homestead violate the Texas Constitution. The court reaffirms that the discovery rule does not apply to claims arising under § 50(a)(6).[3] *Id.* at 676–77.

Second Prutzman argues that the running of limitations should be deferred because § 50(a)(6)(K) claims are continuing violations and the limitations period should not run until after the first loan is paid off. Dkt. 13 at 3. A continuing violation occurs when the conduct that causes injury is ongoing rather than isolated in nature. *Interamericas Invs., Ltd. v. Bd. of Governors of the Fed. Reserve Sys.*, 111 F.3d 376, 382 (5th Cir. 1997). The accrual date of a continuing violation is deferred until the conclusion of the ongoing conduct. *See Toussie v. United States*, 397 U.S. 112, 135, 90 S. Ct. 858 (1970).

Here, Prutzman asserts that the second loan's payments constitute a continuing violation, essentially arguing that his claim does not accrue until after the final periodic payment. Prutzman

---

[3] Because Prutzman does not satisfy the first element of the discovery rule, the court need not address the second element regarding whether Prutzman's claims are objectively verifiable.

fails to cite any case law supporting this claim, nor has the court found any cases that have applied the continuing violation doctrine in these circumstances. However, Texas courts have applied the legal injury rule in other contexts with periodic contractual payments, and those courts have not found that recurring payments deferred the running of limitations. For instance, in *HECI Exploration Co. v. Neel*, the plaintiffs alleged that the defendants' negligence damaged a gas reservoir resulting in underpayment of certain royalty payments under an oil and gas lease. 982 S.W.2d 881, 886 (Tex. 1998). Notably, the court did not consider that the continual underpayments made to the plaintiffs constituted a continuing injury. *Id.* Rather, the *Neel* court held that the claim accrued when the initial damage to the common reservoir occurred. *Id.* Under this reasoning, although Prutzman allegedly suffered damages after each payment on the second home equity loan, the claim accrued upon the execution of the second loan when the injury-producing conduct occurred. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) ("The fact that damage may continue to occur for an extended period... does not prevent [the] limitations [period] from starting to run."). The court therefore holds that a § 50(a)(6)(K) violation is not a continuing violation under Texas law.

In sum, Prutzman's injury is not inherently undiscoverable, and he has not shown a continuing violation to defer the limitations period. The legal injury to Prutzman for all of his § 50(a)(6) claims occurred on January 24, 2004, the day that he closed the second home equity loan. Prutzman's claims accrued on that day, and absent tolling, his claim expired four years later on January 24, 2008. *See Priester*, 708 F.3d at 676 (concluding that the injury occurred when the plaintiff created the lien and that there was nothing to make that injury undiscoverable); *Rivera v.*

*Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex. App.–Dallas 2008, no pet.) (concluding that the plaintiff's legal injury occurred on the date the extension of credit was made).

*C. Tolling*

Unlike the discovery rule and continuing violations, which defer the accrual date for a cause of action, tolling suspends the running of limitations after accrual. *See Priester*, 708 F.3d at 675–76. For a plaintiff to assert that tolling suspends the running of the limitations period, it must be pled in the complaint. *See Jones*, 339 F.3d at 366 (recognizing that tolling must be raised in the pleadings); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) (explaining that failure to plead "a matter in avoidance of the statute of limitations" waives the defense in Texas courts).

Prutzman did not plead any grounds for tolling in his original petition. Prutzman requests, however, in his response to the motion that if his pleading is factually insufficient, the court should grant him leave to amend his complaint and include allegations that the running of limitations be tolled. Under the Federal Rules, leave to amend "shall be freely given when justice so requires," and the court is given broad discretion in granting leave. *See* Fed. R. Civ. P. 15(a); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). While a formal motion is not required under Rule 15(a), the requesting party must provide particular grounds for the amendment and relief sought. *See* Fed. R. Civ. P. 7(b)(1), 15(a); *see also Willard*, 336 F.3d at 387. "A bare request in an opposition to a motion to dismiss —without any indication of the particular grounds on which the amendment is sought ... does not constitute a motion within the contemplation of Rule 15(a)." *Willard*, 336 F.3d at 387 (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Here, Prutzman's request for leave to amend lacks particularity regarding the basis for which leave should be granted. Prutzman requests "that the Court enter an order permitting the plaintiff to amend to include factual allegations to support his claim" based on an unspecified "tolling" ground. Dkt. 13 at 5. However, because Prutzman does not provide any specific reasons for which tolling should be recognized, nor does Prutzman attach a proposed amended complaint, the court will deny Prutzman's request for leave to amend. *Id.* Therefore, because limitations ran on January 24, 2008 and Prutzman did not file his complaint until November 2, 2012, his claims are barred by the residual four-year statute of limitations.

## IV. CONCLUSION

After considering the pleadings before the court and the applicable law on limitations for claims under Article XVI, § 50(a)(6) of the Texas Constitution, Wells Fargo's motion for judgment on the pleadings (Dkt. 12) is **GRANTED**. It is further **ORDERED** that Prutzman's request for leave to amend his complaint is **DENIED**, and his claims are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on August 12, 2013.

_____
Gray H. Miller
United States District Judge